IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 12-36187 |
| | § | |
| ATP OIL & GAS CORPORATION | § | THE HON. MARVIN ISGUR |
| | § | |
| Debtor | § | CHAPTER 11 |

### MOTION OF WILBUR H. BICKHAM FOR MODIFICATION AND RELIEF FROM THE AUTOMATIC STAY

> **THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **THERE WILL A HEARING ON THIS MOTION ON MAY 16, 2014 AT 9:00 A.M. IN COURTROOM 404, 515 Rusk, Houston, TX 77002.**

TO THE HONORABLE MARVIN ISGUR, PRESIDING:

Wilbur H. Bickham hereby moves, pursuant to Section 362(d) of the Bankruptcy Code and 4001(a) of the Federal Rules of Bankruptcy Procedure, for an order modifying the 11 U.S.C. §362 to permit his claim involving ATP Oil & Gas Corporation ("ATP") to proceed, and in support would show the following:

**BACKGROUND**

1. This is a core proceeding for relief from the automatic stay issued pursuant to 28 U.S.C. §157(b)(2), and jurisdiction herein arises under 28 U.S.C. §§157(a) and 1334. Venue is

1

proper before this Court under 28 U.S.C. §§1408 and 1409. The relief requested herein may be granted in accordance with the provisions of 11 U.S.C. §§105(a) and §362(d).

2. At all times herein mentioned, debtor ATP, by lease was responsible for the platform known as Ship Shoal 322. (the "Premises"). ATP controlled, maintained and/or were in exclusive possession and control of the Premises.

3. On or about August 25, 2009, petitioner, Wilbur H. Bickham, was acting in the course and scope of his employment with Baker/MO Services, Inc. on an ATP platform designated as Ship Shoal 322 and located on the Outer Continental Shelf of the United States in the Gulf of Mexico adjacent to the State of Louisiana.

4. On or about August 25, 2009, petitioner, Wilbur H. Bickham, was severely injured after slipping and falling on a defective staircase on the Ship Shoal 322 platform.

5. As a result of the negligence of the ATP, Wilbur H. Bickham sustained serious and painful injuries that have caused physical and mental suffering, both past and future, loss of enjoyment of life, both past and future, past and future disability, loss of earning capacity, both past and future, and that has required him to incur medical expenses, both past and future, all of which entitles him to recover a sum reasonable in the premises.

6. On August 17, 2010, Wilbur Bickham filed suit for his injuries sustained as a result of the above-described events, and said case is currently situated in the U.S. Eastern District of Louisiana (CA: 10-2761).

7. As a direct and proximate result of the negligent acts of ATP, Wilbur Bickham sustained injuries which have caused and will continue to cause him great mental and physical pain and suffering. He had been informed and believes that said injuries will result in permanent disability to him.

8. Mr. Bickham's injuries required him to incur past and future medical expenses, bills for physicians, and other medical technicians and personnel, and other related expenses, was prevented from attending to his usual occupation and sustained – and in the future will further sustain – loss of earnings and earning capacity thereby.

9. At the time of the occurrence, debtor ATP had obtained and maintained in full force and effect a policy of liability insurance, upon information and belief, including such claims.

10. At all material times, there was in effect a Master Service Agreement between ATP and Baker/MO, which governed the work being performed by Baker/MO for ATP at the time of plaintiff's alleged accident. The Master Service Agreement required Baker/MO to release and protect, defend, indemnify and hold ATP harmless, from all claim liabilities, cost and expenses related to personal injury to employees of Baker/MO that arise out of, in connection with, incident to or result directly from or indirectly from the Agreement or the services, goods or equipment provided under the Agreement.

11. On August 17, 2012, ATP filed a Chapter 11 Bankruptcy, commencing the instant proceeding. As a result of said filing, the automatic stay provisions of §362 became directly applicable to the claims of Wilbur H. Bickham.

12. On August 24, 2012, ATP filed a Suggestion of Bankruptcy in the United States District Court Eastern District of Louisiana, and the Court thereafter entered an Order closing the case for statistical purposes on August 27, 2012. A copy of the order is attached hereto as Exhibit A.

**ARGUMENTS AND AUTHORITIES**

13. Pursuant to Section 362(d) of the Bankruptcy Code, cause exists to modify the automatic stay to allow the claims of Wilbur H. Bickham to proceed against ATP and/or its insurer.

Although "cause" is not defined in the Bankruptcy Code and "must be determined on a case-by-case basis," *Int'l Bus. Machines v. Fernstrom Storage and Van Co. (Matter of Fernstrom Storage and Van Co.)*, 938 F.2d 731,735 (7th Cir. 1991); see also, *In re Rexene Products Co.*, 141 B.R. 574 (Bankr. D. Del. 1992), courts give a broad and liberal interpretation to the concept of "cause" beyond simply a lack of adequate protection. As stated by the Western District of Texas in *In re Century Park Ltd.,* 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988), "[c]ause is an intentionally broad and flexible concept, made so in order to permit courts to respond in equity to inherently fact-sensitive situations."

Here cause exists for several reasons.

14. First, under the insurance policy, the cost to defend ATP will be paid by said insurance policy, at no cost or expense to ATP or its bankruptcy estate. On information and belief the insurance coverage is sufficient to cover the expenses to defend ATP as well as any relief Wilbur H. Bickham may be awarded.

15. The litigation of these claims will not hinder, burden, or delay or be inconsistent with ATP's Chapter 11 Bankruptcy proceeding. Any potential involvement of ATP in the case will not interfere with reorganization efforts.

16. Also, modification of the stay will not cause great prejudice to the bankruptcy estate or ATP.

17. However, hardship to Wilbur H. Bickham by maintenance of the stay will considerably outweigh any hardship ATP may suffer. Wilbur H. Bickham has yet to recover for his very serious injuries, and the continued reorganization of the Debtor poses a significant threat to any recovery for his injuries. He is still facing household and other necessary expenses that would be greatly relieved if he would be permitted to collect a settlement or judgment

4

from ATP and/or its insurance provider. Wilbur H. Bickham suffers daily from the injuries caused by the actions of ATP, so the hardship to Wilbur H. Bickham by maintenance of the stay is greatly outweighed by any potential hardship to ATP.

**RELIEF SOUGHT HEREIN HAS BEEN PREVIOUSLY GRANTED IN THIS MATTER**

18. Wilbur H. Bickham respectfully represents to the Court that relief from the stay was previously granted in this matter to another claimant, Schuyler S. McGee, who was injured on the same platform and whose claims involved the same parties as the parties alleged to be liable to the plaintiff pursuant to his Complaint in the United States District Court for the Eastern District of Louisiana.

19. Wilbur H. Bickham respectfully represents to the Court that relief from the stay was previously granted in this matter to another claimant, Schuyler S. McGee, who was injured on the same platform and whose claims involved the same parties as the parties alleged to be liable to the plaintiff pursuant to his Complaint in the United States District Court for the Eastern District of Louisiana.

20. On September 19, 2012, claimant, Schuyler G. McGee, filed a similar motion to the present motion in this matter. [Record, Doc. 405].

21. After a hearing on the motion was held, the Court – on June 27, 2013 – granted the relief from stay sought by Schuyler S. McGee, and entered an Order which was worded in the same manner as the proposed Order filed with the present motion. [Record, Doc. 2148].

22. In conjunction with the proposed Order filed herewith, Wilbur H. Bickham respectfully moves the Court for an entry of the Order granting the same relief previously granted in response to the Schuyler McGee motion, namely to lift the automatic stay, only as follows:

1. Granting Wilbur H. Bickham leave to pursue all claims in Civil Action No. 10-2761 in the Eastern District of Louisiana;

2. That ATP may remain as a named party in Civil Action No. 10-2761;

3. That no judgment in Civil Action No. 10-2761 pending in the Eastern District of Louisiana may be used to establish the allowed claim in this bankruptcy case; and

4. That the outcome of Civil Action No. 10-2761 may not be used to establish, by principles of claim or issue preclusion, any claim in this bankruptcy case.

**PRAYER:**

WHEREFORE, premises considered, Wilbur H. Bickham prays that this Honorable Court enter an order modifying the 11 U.S.C. §362 automatic stay and allow him to proceed with his claim involving ATP currently situated in the U.S. Eastern District of Louisiana (CA: 10-2671) as prayed for above.

RESPECTFULLY SUBMITTED:

__s/ David C. Whitmore_____
DAVID C. WHITMORE
S.D. Tex. Federal ID No. 286591
SCHEUERMANN AND JONES, LLC
701 Poydras Street, Suite 4100
New Orleans, LA  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380
dcw@nola-law.com

6

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 17th day of April, 2014, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record that have elected e-notification by operation of the court's electronic filing system.  I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record who are non-CM/ECF participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

_____s/ David C. Whitmore_____