UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | Case No. 12-36187 |
| | § | |
| Debtor. | § | |

**MOTION FOR ORDER AUTHORIZING DISTRIBUTIONS
TO DIP AGENT AND FUNDING PARTIES**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Rodney D. Tow, the Chapter 7 Trustee ("Trustee") of ATP Oil & Gas Corporation (the "Debtor") in the above-captioned Chapter 7 case (the "Bankruptcy Case") hereby submits this Motion for Order Authorizing Distributions to DIP Agent and Funding Parties (the "Motion"). In support thereof, the Trustee respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States Bankruptcy Court for the Southern District of Texas. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in

this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are §§ 105(a), 364(c)(1), and 726 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code").

## Background[1]

2. On August 17, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court, Southern District of Texas, Houston Division (the "Court").

3. On September 20, 2012, the Court entered the Final Order Pursuant to 11 U.S.C. §§ 105, 107, 361, 362, 363, 364 and 507 (1) Approving Postpetition Financing, (2) Authorizing Use of Cash Collateral, (3) Granting Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, (5) Modifying Automatic Stay and (6) Authorizing the Debtor to File the Fee Letter Under Seal [Dkt. No. 440] (the "Final DIP Order").

4. The Final DIP Order authorized a loan from Credit Suisse AG, as Administrative Agent and Collateral Agent (in both capacities, the "DIP Agent"), for and on behalf of itself and the other lenders that are parties thereto from time to time (collectively, with the DIP Agent, the "DIP Lenders".)  Final DIP Order, ¶(i) at 1-2.

5. The Final DIP Order further provides that, "[u]pon entry of the Interim Order, the DIP Agent [and], DIP Lenders … were granted (and such grant is hereby ratified, confirmed and approved on a final basis), pursuant to section 364(c)(1) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the Case and any Successor Cases (collectively, the "DIP Superpriority Claim") for all DIP Obligations."  Final DIP Order, ¶8.

---

[1] In support of the Motion, the Trustee hereby summarizes certain Orders entered by the Court during the pendency of the Debtor's prior chapter 11 case.  The Trustee reserves his rights to challenge the findings and rulings in these Orders and nothing set forth herein should be considered an admission by the Trustee of the findings or a consent to the rulings.

6. The Final DIP Order also provides that, subject to certain conditions, First Pacific Advisors, LLC, one or more of its affiliated and managed funds, and/or any other holder of the Prepetition Second Lien Notes that is a member of the Ad Hoc Second Lien Committee (collectively, the "<u>Funding Parties</u>") are granted, pursuant to § 364(c)(1) of the Bankruptcy Code, an allowed superpriority administrative expense claim for loans made in connection with the professionals for the ad hoc committee of certain Prepetition Second Lien Lenders (the "<u>Second Lien Professional Superpriority Claim</u>"). *See* Final DIP Order, ¶15(a) and (c).

7. On October 25, 2012, the Court entered the Order Pursuant to 11 U.S.C. §§ 361, 362(d), 363(e), and 364 (1) Approving Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status and (3) Granting Adequate Protection [Dkt. No. 714] ("<u>Supplemental DIP Order</u>"). The Supplemental DIP Order reiterates that the Funding Parties are entitled to the Second Lien Professional Superpriority Claim if certain conditions are satisfied. Further, the Supplemental DIP Order provides that the Second Lien Professional Superpriority Claim shall receive a pro rata distribution of any amounts distributed to the DIP Agent or any DIP Lenders on account of the Refinanced Obligations. Supplemental DIP Order, ¶5.

8. On October 17, 2013, the Court entered the Final Order Pursuant to §§ 105 and 363 Authorizing the Use of Cash Collateral [Dkt. No. 2705] (the "<u>Final Cash Collateral Order</u>"). The Final Cash Collateral Order provides, "[t]he DIP Superpriority Claim granted pursuant to paragraph 8 of Final DIP Order is hereby waived <u>solely</u> with respect to 25% of the first $20 million of the proceeds of causes of action brought on behalf of the Debtor's estate pursuant to Sections 547 and 548 of the Bankruptcy Code [("<u>Avoidance Action Carve-Out</u>")]." Final Cash Collateral Order, ¶9 (emphasis in original).

9. On October 17, 2013, the Court entered the Final Order (A) Approving the Sale of Certain Debtor's Assets Free and Clear of Claims and Liens and (B) Approving the Assumption

3

and Assignment of Contracts and Leases [Dkt. No. 2706] (the "Sale Order") that, among other things, approved the sale (the "363 Sale") of substantially all of the Debtor's operating properties and other assets pursuant to the terms and conditions of the Asset Purchase Agreement (collectively with all exhibits and documents and agreements ancillary thereto (each as modified by the Sale Order), the ("Purchase Agreement")), dated as of June 20, 2013, and executed by and between the Debtor, Credit Suisse AG, exclusively in its capacity as administrative agent and collateral agent under the DIP Credit Agreement (the "DIP Agent") and, upon the joinder contemplated by Section 5.12 of the Purchase Agreement, Bennu Oil & Gas, LLC, which was designated by the DIP Agent as purchaser.

10. In connection with the 363 Sale, the purchaser paid $1.826 million to the estate to be set aside for wind-down expenses (the remaining balance of such $1.826 million, the "Wind-Down Funds"). *See* Sale Order at ¶N.

11. The DIP facility was not paid-off in connection with the 363 Sale.

12. On June 26, 2014 (the "Conversion Date"), the Court entered an Order [Dkt. No. 3163] converting the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code, and the United States Trustee appointed Rodney D. Tow as the Chapter 7 Trustee.

13. On information and belief, the Trustee believes that the DIP Superpriority Claim is a superpriority claim in the amount of approximately $250 million and the Second Lien Professional Superpriority Claim is a superpriority claim in the amount of approximately $1 million.

14. The Trustee holds certain funds (the "Excess Funds") in excess of the Wind-Down Funds and the Avoidance Action Carve-Out. Exhibit A attached hereto ("Form 2") is a log for all cash receipts and disbursements by the Trustee on behalf of the Debtor's estate. As of October 8,

4

2014, the Trustee holds Excess Funds in the amount of $2,291,556.08.[2] The Trustee wishes to distribute such Excess Funds to the DIP Agent to pay down the DIP Superpriority Claim and minimize the accrual of post-petition interest.

### Relief Requested

15.     Pursuant to this Motion, the Trustee seeks to establish a procedure to determine the amount of the claims of the DIP Lenders and the Funding Parties as of a fixed date.

16.     The Trustee seeks entry of an order, substantially in the form of the proposed order attached to this Motion, (i) authorizing the Trustee to rely on payoff letters provided by the DIP Lenders and Funding Parties to determine the outstanding amounts of their claims for the purposes of making distributions under the order; (ii) authorizing the Trustee to make distributions of Excess Funds on account of the DIP Superpriority Claim and the Second Lien Professional Superpriority Claim, on a pro rata basis based on the amount of said claims as of [DATE], 2014, and (iii) providing for related relief.

### Basis for Relief

17.     Pursuant to § 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

18.     Section 726 of the Bankruptcy Code provides a statutory distribution scheme applicable to cases under chapter 7 of the Bankruptcy Code.  *See* 11 U.S.C. § 726.  Claims arising under § 364(c)(1) have a higher priority of distribution then the claims set forth in § 726.  *See* 11 U.S.C. § 364(c)(1).

---

[2]     The Excess Funds are calculated as the difference between the cash balance of the Trustee's bank account as of October 8, 2014, as listed on Form 2 ($3,330,955.72), and the balance of the Wind-Down Funds as calculated by the Trustee as of October 8, 2014 ($1,039,399.64).  (Exhibit A.)

19. The Final DIP Order and Supplemental Order provide for the allowance of superpriority claims pursuant to § 364(c)(1) to the DIP Agent and DIP Lenders and the Funding Parties and provide that they shall share in any distribution pro rata. *See* Final DIP Order and Supplemental DIP Order; *see also Hill v. Akamai Technologies, Inc. (In re MS55, Inc.)*, 477 F.3d 1131, 1135 (10th Cir. 2007) ("It is well established that a Chapter 7 trustee succeeds to the rights of the debtor-in-possession and is bound by the prior actions of the debtor-in-possession to the extent approved by the court.").

20. Because the DIP Superpriority Claim and the Second Lien Professional Superpriority Claim accrue interest on a post-petition basis, the Trustee believes in the exercise of his reasonable business judgment that the Excess Funds should be distributed to pay down a portion of the DIP Superpriority Claim and the Second Lien Professional Superpriority Claim to stop the accrual of interest on said portion.

## Conclusion

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially conforming to the proposed order attached hereto and grant such further relief as is just and proper.

Dated:  December  15, 2014.

          Respectfully submitted,

          DIAMOND McCARTHY LLP

          By:     */s/ Charles M. Rubio*
                  Kyung S. Lee
                  klee@diamondmccarthy.com
                  TBA No. 12128400
                  Charles M. Rubio
                  crubio@diamondmccarthy.com
                  TBA No. 24083768
                  909 Fannin, Suite 1500
                  Houston, Texas  77010
                  Telephone: (713) 333-5100
                  Facsimile: (713) 333-5195

                  COUNSEL TO RODNEY D. TOW,
                  CHAPTER 7 TRUSTEE

## **CERTIFICATE OF SERVICE**

     I certify that on December 15, 2014, a true and correct copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service; and (ii) transmitted to the parties listed on the attached Master Service List by email pursuant to the Order Establishing Notice Procedures [Dkt. No. 3189].

                  */s/ Charles M. Rubio*

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ATP OIL & GAS CORPORATION,** | § | **Case No. 12-36187** |
| | § | |
| **Debtor.** | § | |

## ORDER AUTHORIZING DISTRIBUTIONS TO DIP AGENT AND FUNDING PARTIES

UPON CONSIDERATION of the Chapter 7 Trustee's Motion Authorizing Distributions to DIP Agent and Funding Parties (the "Motion"),[1] filed by Rodney D. Tow ("Trustee"), Chapter 7 Trustee of the above-captioned Debtor's estate, and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, including for the reasons stated on the record at the hearing seeking approval of the Motion: IT IS HEREBY:

ORDERED that the Trustee is authorized, but not required, to distribute Excess Funds to the DIP Agent and the Funding Parties, on account of their DIP Superpriority Claim and Second Lien Professional Superpriority Claim, respectively, on a pro rata basis based on the amount of said claims provided by the DIP Agent and Funding Parties in the form of payoff letters with such payoff amount as of January 1, 2015 and including a per diem interest accrual amount for each day thereafter; and it is further

ORDERED the Trustee is authorized from time to time to pay down the DIP Superpriority Claim and the Second Lien Professional Superpriority Claim, on a pro rata basis based on the amount of said claims as of the date of such pay down, with any Excess Funds that area vailable to

---

[1] Any capitalized term used herein but not defined shall have the meaning assigned to it in the Motion.

the estate without further Order from this Court; and it is further

ORDERED that prior to any future distributions the Trustee shall provide the DIP Agent and Funding Party ten (10) days written notice of such intended distribution to allow such parties to remit updated payoff letters; and it is further

ORDERED that the Trustee may conclusively rely on the most current payoff letter from the DIP Agent and the Funding Parties to determine the amount of their claims for the purposes of calculating any distributions of Excess Funds under this Order; and it is further

ORDERED that notwithstanding any restrictions in the Handbook For Chapter 7 Trustees[2] published by the U.S. Department of Justice Executive Office for United States Trustees, the Trustee is authorized to make distributions to the DIP Agent under this Order by wire transfer instructions provided to the Trustee by the DIP Agent and/or the Funding Parties; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SIGNED this _____ day of _____, 2014.

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

---

[2] A copy can be found at www.justice.gov/ust/eo/private_trustee/library/chapter07.