**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-36187 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

**MOTION OF RODNEY TOW, CHAPTER 7 TRUSTEE OF ATP OIL & GAS CORPORATION PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 6004 FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND APPROVING THE FORM OF ORDER HEREIN AND MANNER OF NOTICE THEREOF**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

Now comes Rodney Tow, Chapter 7 Trustee of ATP Oil & Gas Corporation, ("Trustee" and/or "Seller"), pursuant to 11 U.S.C. §§ 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and hereby moves for the entry of an order (the "Sale Approval Order") (i) authorizing the sale of certain assets, from the Trustee to Marubeni Oilfield Services, Inc. ("MOSI") free and clear of all liens, claims, encumbrances and interests (the "Sale"), pursuant to the following terms and conditions as set forth below. In support of this Motion, the Trustee respectfully represents as follows:

**Background**

1. On August 17, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, §101, *et seq.* (the "Bankruptcy Code").

2. On January 31, 2014 a Joint Motion and Incorporated Memorandum Pursuant to Fed. R. Bankr. P. 9019, 2002, 6004 and 11 U.S.C. §§ 105, 363, and 365 for Orders (i) Approving Compromises and Settlements between Debtor, Marubeni Oil & Gas USA, Inc. ("MOGUS"), and The Williams Companies, Inc.; (ii) Approving the Sale of Debtor's Interest in Certain Inventory Free and Clear of Liens, Claims and Encumbrances; (iii) Approving Assumption and Assignment of Certain Rights of Way Free and Clear of Liens, Claims and Encumbrance; (iv) Approving Certain Procedures Related to the Assumption and the Assumption and Assignment of Certain Executory Contracts; (v) Approving Rejection of Certain Executory Contracts and Incorporating Procedures Relating Thereto; (vi) Approving the Form and Manner of the Notice of the Sale and Hearing Thereon; and (vii) For Additional Relief Consistent Therewith ("Settlement Motion") was filed by the parties [Dkt. No. 2937].

3. The Settlement Motion allowed for the Debtor to quitclaim a list of inventory to MOGUS free and clear of liens, claims and encumbrances. The Court entered an Order approving the Settlement Motion on February 27, 2014 [Dkt. No. 2987].

4. The inventory listed on Exhibit A attached hereto (the "Assets") was to be included in the above transaction; however, the Assets were inadvertently omitted.

5. In the Settlement Motion, MOGUS and the Debtor reached an agreement to provide a means for the Debtor to address and comply with its decommissioning obligations as it relates to the Canyon Express Leases and Canyon Express Pipeline System.

6. MOSI has a need for the Assets in connection with the decommissioning obligations referred to hereinabove.

7. On June 26, 2014, the Court entered an Order of Conversion, converting the Debtor's Chapter 11 bankruptcy case to a case under Chapter 7, pursuant to an oral motion by the Debtor [Dkt. No. 3163].

8. Rodney D. Tow has been appointed as Chapter 7 Trustee of the Debtor's estate.

9. MOSI has submitted an offer to the Trustee which the Trustee has agreed, subject to Bankruptcy Court approval, for the Trustee to sell all of the Debtor's estate's right, title and interest in and to the Assets for the payment by MOSI to the Trustee of Thirty Thousand and No/100 dollars ($30,000.00).

## Jurisdiction and Venue

10. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Sale of the Assets Should be Approved

11. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Although § 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, a sale of a debtor's assets should be authorized when there is an articulated business justification for doing so. *See Licensing by Paolo v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *see also In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In*

re Telesphere Communications, Inc., 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983).

12. Whether a transaction has a sufficient articulated business justification depends on the facts of the case. *See In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986). A bankruptcy court should consider "all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders alike." *Continental*, 780 F.2d at 1226; *Lionel*, 722 F.2d at 1071. Relevant factors may include: "the proportionate value of the asset to the estate as a whole; the amount of elapsed time since the filing; the likelihood that a plan of reorganization will be proposed and confirmed in the near future; the effect of the proposed disposition on the future plan of reorganization; the amount of proceeds to be obtained from the sale versus appraised values of the property; and whether the asset is decreasing or increasing in value." *See Continental*, 780 F.2d at 1226; *Lionel*, 722 F.2d at 1071; *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Condere Corporation*, 228 B.R. 615, 628 (Bankr. S.D. Miss. 1998).

13. Once a trustee has articulated a valid business justification, "a presumption [arises] that the officers and directors of a corporation, in making a business decision for that corporation, act only after they have been appropriately informed and after they have honestly determined that the action to be taken is in the best interest of the corporation." *In re Performance Nutrition, Inc.*, 239 B.R. 93, 111 (Bankr. N.D. Tex. 1999). When applying the "business judgment" standard, courts show deference to a debtor's business decisions. *See, e.g., In re Tom's Foods Inc.*, 2005 WL 3022022, *2 (Bankr. M.D. Ga. 2005) ("courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence"); *Atkins v. Hibernia Corp.*, 182 F.3d 320, 324 (5th Cir. 1999); *GBL Holding Co. v.*

*Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Group, Ltd.)*, No. Civ. A. 3:04-CV-2411-M, 2009 WL 440379, *2 (N.D. Tex. Feb. 23, 2009) ("great judicial deference is given to [the debtor in possession's] exercise of business judgment").

14. The Trustee has determined that immediate approval of the Sale is the best way to maximize the value of the Debtor's estate for the benefit of all constituencies. The Trustee does not have a need for the Assets to wind down the affairs of the Debtor. In addition, the Trustee has been advised by MOSI that the Assets are user-specific to MOSI and needed for MOSI to comply with their decommissioning obligations. Finally, the Trustee has been advised by MOSI that the fair value of the Assets would not exceed $30,000.00 and, any other purchaser, would have to expend additional capital to be able to use the Assets.

15. Based on the foregoing, the Trustee has determined in its sound business judgment that the sale of the Assets on the terms and conditions set forth herein are fair and reasonable and in the best interest of the Debtor's estate, its creditors, and all parties in interest in the Debtor's Chapter 7 case.

**Sale Free and Clear of Liens,
Claims, Encumbrances, and Interests**

16. Under § 363(f) of the Bankruptcy Code, a trustee may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(i) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(ii) such entity consents;

(iii) such interest is a lien and the price at which the property is sold is greater than all liens on such property;

(iv) such interest is in bona fide dispute; or

(v)   such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

17.   To facilitate the sale of the Assets, the Trustee requires authorization to sell them free and clear of any and all liens, claims, encumbrances, or interests, with any such liens, claims, encumbrances, or interests to attach to the net proceeds of the sale with the same rights and priorities therein. Because § 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements is sufficient to permit the sale to be free and clear of all liens, claims, encumbrances, and interests (each, an "<u>Interest</u>", and collectively, the "<u>Interests</u>").

18.   Here, a "free and clear" sale is warranted because, in each case, one or more of the standards set forth in §§ 363(f)(l)-(5) of the Bankruptcy Code will be satisfied.

## **Good Faith Purchaser**

19.   Section 363(m) of the Bankruptcy Code provides that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

20.   The terms and conditions of the Sale were negotiated by the Trustee and MOSI at arm's length and in good faith. MOSI does not hold any interest in the Debtor and is not otherwise affiliated with the Debtor or its officers or directors. Moreover, MOSI is not an "insider" of the Seller within meaning of § 101(31) of the Bankruptcy Code, and is not controlled by, or acting on behalf of, any insider of the Seller. *See, e.g., In re After Six, Inc.*, 154 B.R. 876, 883 (Bankr. E.D. Pa. 1993) (good faith found where officers, directors and employees

of debtor had no apparent connection to purchasers).  The Trustee will present evidence at the Sale Hearing to prove the foregoing.  Accordingly, the Trustee requests that the Court determine MOSI to be acting in good faith and entitled to the protections of a good faith purchaser under § 363(m) of the Bankruptcy Code.

## Notice

21. Notice of this Motion has been provided to all creditors on the Master Service List in compliance with the Order Establishing Notice Procedures [Dkt. No. 3189].  The Trustee submits that no other or further notice need be provided.

22. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: May 12, 2015

DIAMOND MCCARTHY LLP

*/s/ Kyung S. Lee*
Kyung S. Lee
Texas Bar No.: 12128400
Alexander Perez
Texas Bar No.: 24074879
909 Fannin, 15th Floor
Two Houston Center
Houston, Texas 77010
Ph:  (713) 333-5125
Fx:  (713) 301-4751

*Attorneys for Rodney D. Tow, Chapter 7 Trustee of ATP Oil & Gas Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 12, 2015, a true and correct copy of the foregoing document was (i) served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service; and (ii) transmitted to the parties listed on the attached Master Service List by email pursuant to the Order Establishing Notice Procedures [Dkt. No. 3189].

                                                                  */s/ Alexander Perez*
                                                                 Alexander Perez

# EXHIBIT A

## List of Equipment

### I. EQUIPMENT LOCATED AT AKER

| DESCRIPTION | SERIAL NUMBER |
|---|---|
| Test Stand Assy. SCM | 60582/01-001 |
| Test/Flushing Plate Assy. Female | 59393/01-002 |
| Laptop Computer Panasonic Toughbook | 4KKSA69302 |
| Laptop Computer Panasonic Toughbook | OLKSA01552 |
| Cable Assy. SCM Test Set Cable to SCM Assy. | 60635/01-001 |
| CPLG. Hyd. Male, UO. 50,15K 200# W 9/16 FM | 257734-1 |
| CPLG. Hyd. Male UO 50, 15 K 200# W 9/16 FM | 257734-4 |
| CPLG. Hyd. Male UO 50, 15 K 200# W 9/16 FM | 257734-5 |
| CPLG. Hyd. Male UO 50, 15 K 200# W 9/16 FM | 257734-6 |
| Test Equip. Assy. Dummy SCM Modified | 4052955-1 |

### II. EQUIPMENT LOCATED AT CAMERON YARD, BERWICK, LOUISIANA

| DESCRIPTION | SERIAL NUMBER |
|---|---|
| Assy. Modular Tree Test Skid, DRII Quip ss-15 with HC Profile | 96 617348-160 |
| Assy. Modular Tree Test Skid, FMC UWD-15 with H4 Profile | 96 617348-170 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-36187 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

**ORDER GRANTING MOTION OF RODNEY D. TOW, CHAPTER 7 TRUSTEE OF ATP OIL & GAS CORPORATION PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANK. P. 6004 FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

On this day, came on for consideration the Motion[1] of Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of ATP Oil & Gas Corporation (the "Debtor") Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bank. P. 6004 for an Order Approving the Sale of Certain Assets Free and Clear of Liens, Claims and Encumbrances (the "Motion") seeking entry of an order authorizing and approving the sale of certain of the Debtor's assets (the "Sale") listed in **Exhibit A** attached hereto (the "Sale Assets") to Marubeni Oilfield Services, Inc. (the "Purchaser"); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, including for the reasons stated on the record at the hearing seeking approval of the Sale:

IT IS HEREBY FOUND AND DETERMINED THAT:

    A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

B. Venue of the cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The statutory and legal predicates for the relief requested in the Motion are §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "<u>Bankruptcy Code</u>") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

D. Good and sufficient notice of the relief granted by this Order has been given, and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 6004(a).

E. The Sale was negotiated, proposed, and entered into by the Trustee and the Purchaser without collusion, in good faith, and from arms' length bargaining positions.

F. The Purchaser is not an "insider" or "affiliate" of the Debtor as those terms are defined, respectively, in §§ 101(31) and 101(2) of the Bankruptcy Code. Neither the Trustee nor the Purchaser has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under § 363(n) of the Bankruptcy Code.

G. The Purchaser is purchasing the Sale Assets in good faith and is a good faith buyer within the meaning of § 363(m) of the Bankruptcy Code. The Purchaser proceeded in good faith in connection with all aspects of the Sale. Accordingly, the Purchaser is entitled to all of the protections afforded under § 363(m) of the Bankruptcy Code.

H. Other parties have had a reasonable opportunity to make a higher or otherwise better offer to purchase the Sale Assets. The sale price constitutes the highest and best offer for the Sale Assets and will provide a greater recovery for the Debtor's estate than would be

provided by any other available alternative. The Trustee's determination that the sale price constitutes the highest and best offer for the Sale Assets constitutes a valid and sound exercise of the Trustee's business judgment.

I.  The consideration provided by the Purchaser as part of the Sale: (i) is fair and adequate, (ii) is the highest or otherwise best offer for the Transferred Assets, (iii) will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and Section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  Any objection to the Motion, as they pertain to the entry of this Order, is overruled to the extent they have not been withdrawn, waived or otherwise resolved.

3.  Pursuant to §§ 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Trustee is authorized to transfer the Sale Assets to the Purchaser and such transfer shall (a) constitute a legal, valid, binding, and effective transfer of the Sale Assets, (b) vest the Purchaser with title to the Sale Assets, and (c) upon the Trustee's receipt of the closing consideration, be free and clear of all claims and interests with any such claims and interests to attach to the proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they now have against the Sale Assets.

4.  The Trustee is hereby authorized to take any and all actions necessary to consummate the transactions contemplated by the Sale and this Order.

5.	In the event there is a conflict between this Order and the Motion, this Order shall control and govern.

6.	This Order shall be binding in all respects upon any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtor's bankruptcy case.

7.	The terms of this Order shall be immediately effective and enforceable upon its entry notwithstanding the applicability of Bankruptcy Rule 6004(h) or otherwise.

8.	This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATE: _____, 2015

_____
HONORABLE MARVIN J. ISGUR,
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## List of Equipment

### I. EQUIPMENT LOCATED AT AKER

| DESCRIPTION | SERIAL NUMBER |
|---|---|
| Test Stand Assy. SCM | 60582/01-001 |
| Test/Flushing Plate Assy. Female | 59393/01-002 |
| Laptop Computer Panasonic Toughbook | 4KKSA69302 |
| Laptop Computer Panasonic Toughbook | OLKSA01552 |
| Cable Assy. SCM Test Set Cable to SCM Assy. | 60635/01-001 |
| CPLG. Hyd. Male, UO. 50,15K 200# W 9/16 FM | 257734-1 |
| CPLG. Hyd. Male UO 50, 15 K 200# W 9/16 FM | 257734-4 |
| CPLG. Hyd. Male UO 50, 15 K 200# W 9/16 FM | 257734-5 |
| CPLG. Hyd. Male UO 50, 15 K 200# W 9/16 FM | 257734-6 |
| Test Equip. Assy. Dummy SCM Modified | 4052955-1 |

### II. EQUIPMENT LOCATED AT CAMERON YARD, BERWICK, LOUISIANA

| DESCRIPTION | SERIAL NUMBER |
|---|---|
| Assy. Modular Tree Test Skid, DRII Quip ss-15 with HC Profile | 96 617348-160 |
| Assy. Modular Tree Test Skid, FMC UWD-15 with H4 Profile | 96 617348-170 |