UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ATP OIL & GAS CORPORATION, | § | CASE NO. 12-36187 |
| | § | |
| DEBTOR. | § | (Chapter 7) |
| | § | |

**SIXTH NINETY-DAY STATUS REPORT ON BP LITIGATION**

On October 29, 2014, the Bankruptcy Court held a hearing (the "Hearing") for the benefit of certain equity holders of ATP Oil & Gas Corporation (the "Debtor"). At the Hearing, the Bankruptcy Court directed Rodney D. Tow (the "Trustee"), Chapter 7 Trustee for the above-captioned Debtor, to file a status report each ninety (90) days relating to the litigation styled *ATP Oil & Gas Corp. v. BP Exploration & Production, Inc., et al.*, Case No. 2:13-cv-01962-CJB-SS (the "BP Litigation"), pending before the United States District Court for the Eastern District of Louisiana (the "District Court"). The Defendants to the BP Litigation are collectively referred to as "BP". The Trustee files this Sixth Ninety-Day Status Report on BP Litigation and states as follows:

On January 27, 2015, the Trustee filed his 90-Day Status Report [Docket No. 3466] (the "First Ninety-Day Status Report"). In the First Ninety-Day Status Report, the Trustee reported that he attempted to meet with BP to discuss settlement or mediation of the Debtor's claims against BP, but BP rejected the Trustee's request.

On April 28, 2015, the Trustee filed his Second 90-Day Status Report on BP Litigation [Docket No. 3527] (the "Second Ninety-Day Status Report"). At the time of the Second Ninety-Day Status Report, the Trustee reported that he was working with his counsel in the BP litigation, Motley Rice, LLC, to prepare a motion to be filed in the United States District Court

for the Eastern District of Louisiana to lift the current stay on discovery and seek authority for the Debtor's estate to proceed with discovery in the BP Litigation. On April 28, 2015, the Trustee filed his Supplement to Second 90-Day Status Report on BP Litigation [Docket No. 3528] (the "Supplement"). Attached to the Supplement was a copy of the Motion to Lift Stay and Provide Direction for Limited Reference to Bankruptcy Court (the "Motion") filed by the Trustee on April 27, 2015 in the BP Litigation. The Motion requests that the District Court refer discovery in the BP Litigation to the Bankruptcy Court, so the BP Litigation can proceed with being prepared for trial. The primary grounds for seeking the relief requested in the Motion are that: (i) the BP Litigation represents the largest remaining asset of the Debtor's estate, and (ii) the Debtor's Chapter 11 post-petition lender is still owed an amount greater than $283,000,000 as of January 1, 2015, which balance accrues interest at over $120,000 per day. As explained in the Motion, any delay in prosecuting the BP Litigation results in substantial harm to the Debtor's estate.

On July 24, 2015, the Trustee filed his Third 90-Day Status Report on BP Litigation [Docket No. 3586] (the "Third Ninety-Day Status Report"). On November 17, 2015, the Trustee filed his Fourth 90-Day Status Report on BP Litigation [Docket No. 3652] (the "Fourth Ninety-Day Status Report"). On January 27, 2016, the Trustee filed his Fifth 90-Day Status Report on BP Litigation [Docket No. 3717] (the "Fifth Ninety-Day Status Report"). In the Third Ninety-Day Status Report, the Forth Ninety-Day Status Report and the Fifth Ninety-Day Status Report the Trustee reported that District Court has taken no action on the Trustee's Motion.

The District Court supervising the BP MDL is taking up seven cases categorized as "OPA Test Cases" cases. The Debtor's BP Litigation falls within the category of cases from which the OPA Test Cases were drawn; however, ATP's case is not one of the seven selected cases. The seven test cases are likely to be tried later this year. In the meantime, the District

Court has pending a Renewed Motion to Strike Defendant's Affirmative Defenses and Motion in Limine and a Renewed Motion to Dismiss that could address and impact issues also raised in the Debtor's BP Ligation.  A ruling is expected in the summer.  There have been no settlement offers to date and the case remains pending and ongoing, but stayed under the MDL District Court's pre-trial orders.

Since the filing of the Fifth Ninety-Day Status Report, the District Court supervising the BP MDL has issued its ruling on the Renewed Motion to Strike Defendant's Affirmative Defenses and Motion in Limine and a Renewed Motion to Dismiss filed in the "OPA Test Cases" and referenced in the Fifth Ninety-Day Status Report.  On March 10, 2016, the United States District Court for the Eastern District of Louisiana issued its Order & Reasons (As to the OPA Test Cases/Moratorium Claims) (Rec. Doc. 15987) (the "Causation Order").  The Court described the central issue as "whether a 'responsible party' is liable under the Oil Pollution Act of 1990 ('OPA'), 33 U.S.C. § 2702(a), (b)(2)(E), for a claimant's economic loss that resulted from the moratorium on offshore drilling imposed by the federal government in the aftermath of the DEEPWATER HORIZON/Macondo Well blowout and oil spill."  Causation Order at 1.  The Court "answer[ed] this question in the negative."  *Id.*  In doing so, it declined to resolve a dispute over which causation standard applied under OPA, leaving that question for another day.  After a lengthy discussion, the Court concluded that "the OPA Test Case Plaintiffs have failed to plausibly allege valid claims for relief under OPA" and therefore dismissed the claims asserted in all six OPA test cases with prejudice.  *Id.* at 16-17.  Rulings such as the Causation Order in the "OPA Test Cases" were expected to resolve issues raised in ATP's case as well.  On March 19, 2016, the OPA Test Case Plaintiffs filed a notice of appeal of the Causation Order.

On March 29, 2016, the MDL Court issued Pretrial Order No. 60, Rec. Doc., 16050 ("PTO 60").  PTO 60 applies to plaintiffs such as ATP who have pending claims for non-

3

governmental economic losses and are therefore considered part of pleading "bundle" B1. *See* Rec. Doc. 16050 at 2 (emphasis in original). The Order requires that plaintiffs such as ATP who have individual lawsuits on file also file a sworn statement with the Court. *See id.* at 3. At the same time, PTO 60 makes clear that the provisions of earlier pretrial orders "staying individual petitions or complaints that fall within pleading bundle B1, whether pre-existing or filed hereafter, remain in effect until further order of the Court." *Id.* at 5.

The District Court has not taken any action on the Motion to Lift Stay and Provide Direction for Limited Reference to Bankruptcy Court filed by the Trustee on April 27, 2015, and the Trustee is not able to predict when the District Court might take action on the Motion.

Dated: April 22, 2016.

> Respectfully submitted,
>
> DIAMOND McCARTHY LLP
>
> By:   */s/ Charles M. Rubio*
>        Kyung S. Lee
>        klee@diamondmccarthy.com
>        TBA No. 12128400
>        Charles M. Rubio
>        crubio@diamondmccarthy.com
>        TBA No. 24083768
>        909 Fannin, Suite 1500
>        Houston, Texas  77010
>        Telephone: (713) 333-5100
>        Facsimile: (713) 333-5195
>
>        COUNSEL TO RODNEY D. TOW,
>        CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2016, I caused a true and correct copy of the foregoing document to be: (i) served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service; (ii) transmitted to the parties listed on the attached Master Service List by email pursuant to the Order Establishing Notice Procedures [Docket No. 3189]; and (iii) served on the individuals listed below by the service method indicated.

Douglas Meyer
429 Suncrest Loop W.
Slidell, LA 70458
*Via U.S. First Class Mail*

James Stark
171 Jefferson Drive
Fayette City, PA 15438
*Via U.S. First Class Mail*

Tyler Gibbs
13700 I&GN Road
College Station, TX 77845
*Via U.S. First Class Mail*

Roy Heyrana
rheyrana@ymail.com
*Via Electronic Mail*

*/s/   Charles M. Rubio*