

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
11/22/2016

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-36187 |
| | § | |
| ATP OIL & GAS CORPORATION | § | HON. MARVIN ISGUR |
| | § | |
| Debtor | § | CHAPTER 7 |
| | § | |

## AGREED ORDER LIFTING STAY

In consideration of the Motion for Entry of Agreed Order Lifting the Stay filed by ENSCO International, Inc. ("ENSCO"); and the Bankruptcy Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Bankruptcy Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Bankruptcy Court having found that the venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Bankruptcy Court having found that ENSCO provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Bankruptcy Court having reviewed the Motion having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; it is

**HEREBY ORDERED THAT**:

1. ENSCO is hereby granted relief from the automatic stay for the limited purpose of allowing ENSCO to file a third-party claim for defense and indemnity against the Debtor, ATP Oil & Gas Corporation, its subsidiaries, partners, or other business associations, including but not limited to ATP East Med Number 1 B.V., in the lawsuit of *Vannoy v. ENSCO Offshore Company, et al*, No. 16-cv-2232 (the "*Vannoy* Case"), which is currently pending in the United States District Court for the Eastern District of Louisiana. The stay is hereby modified to authorize ENSCO to pursue a determination of liability

and insurance coverage in the *Vannoy* Case against the Debtor and its affiliates to final judgment and to enforce any resulting monetary judgment against any third parties who have a duty to indemnify the Debtor for the resulting liability, including, but not limited to, the Debtor's insurers and Gordon Reed & Associates.

2. ENSCO shall waive any and all claims it would otherwise have against the Debtor, the Debtor's estate, the Debtor's successors and the chapter 7 Trustee, for any amounts not satisfied, and any such unsatisfied amounts may not be collected in any manner from the Debtor, its estate, its successors or the chapter 7 Trustee

3. The Debtor is authorized to enter into the Release, Subrogation and Assignment Agreement with ENSCO International, Inc., substantially in the form attached hereto as Exhibit A to this Order. ENSCO International, Inc., pursuant to the terms of this attached Assignment Agreement, is authorized to enforce and pursue any and all rights and claims of the Debtor in the aforementioned *Vannoy* litigation, including, but not limited to, the filing of claims against the Debtor's insurers and Gordon Reed & Associates.

4. No property of the Debtor, its subsidiaries, partners, or other business associations – other than the Debtor's insurers and Gordon Reed & Associates – shall be collected upon without further order from this Court.

5. Notwithstanding the foregoing, nothing in the Order shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of any insurance policy or related agreement; (ii) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy or related agreement (including the right of any insurer to disclaim coverage); or (iii) any claim or payment right of any insurer against any of the Debtors

2

including, but not limited to, any claim or payment right for, on account of, arising from or related to any premium, reimbursement or otherwise. All such rights, remedies, defenses, defenses to coverage, claims, and payment rights are expressly reserved and preserved. Further, all rights of subrogation and contribution are expressly reserved and preserved.

6. The Bankruptcy Court retains jurisdiction with respect to all legal actions or proceedings brought against the Debtor regarding the enforcement of this Order, including any action brought against the Debtor to enforce the Debtor's obligations under the Release, Subrogation and Assignment Agreement.

Signed:
        November 22, 2016

                                           Marvin Isgur
                             United States Bankruptcy Judge

/s/ Charles M. Rubio

KYUNG S. LEE (Bar. No. 12128400)
CHARLES M. RUBIO (Bar No. 24083768)
DIAMOND MCCARTHY, LLP
909 Fannin Street 15th Floor
Two Houston Center
Houston, Texas 77010
TEL:   (713) 333-5100
FAX:   (713) 333-5195
*Attorneys for Debtor's Chapter 7 Trustee, Rodney D. Tow*

3

*/s/ Edward F. LeBreton, III*

EDWARD F. LEBRETON, III (TX Bar No. 00789066; Federal ID. No. 23016)
DELOS E. FLINT, JR. T.A. (LA Bar. No. 616)
RYAN T. MARTIN (LA Bar No. 35227)
FOWLER, RODRIGUEZ, FLINT,
GRAY, McCOY & SULLIVAN, LLP
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
TEL:   (504) 523-2600
FAX:  (504) 523-2705
E-Mail:  lebreton@frfirm.com
E-mail:  dflint@frfirm.com
E-Mail:  rmartin@frfirm.com
*Attorneys for ENSCO International, Inc.*