## RELEASE, SUBROGATION AND ASSIGNMENT AGREEMENT

This Release, Subrogation, and Assignment Agreement (hereinafter "Agreement") is made and entered into on this _____ day of November, 2016 by and between ENSCO International, Inc. (hereinafter "ENSCO") and ATP Oil & Gas Corporation, both individually and on behalf of ATP East Med Number 1 B.V. (collectively "ATP").

## FACTS

1. On March 15, 2016, Mr. Robert L. Vannoy II filed a lawsuit against ENSCO in the United States District Court for the Eastern District of Louisiana entitled *Vannoy v. ENSCO Offshore Company, et al.*, No. 16-cv-2232. In this lawsuit, Robert Vannoy, as an employee of Gordon Reed & Associates, alleges that on or about July 17, 2012, he was injured while working on the *ENSCO 5006* off the coast of Israel. Mr. Vannoy specifically alleges that ENSCO is liable for Jones Act negligence and unseaworthiness.

2. At the time of the Mr. Vannoy's alleged injury, ATP, by way of a Partial Assignment, Assumption, and Amendment made effective on March 1, 2012[1] was a party to a Semisubmersible Drilling Contract (hereinafter "Drilling Contract")[2] with ENSCO for the services of the *ENSCO 5006*. Specifically, as of March 1, 2012, ATP entered into a formal agreement for the *ENSCO 5006* and assumed the rights and obligations of the previous Company to the drilling contract, Noble Energy Mediterranean, Ltd.

3. Pursuant to Sections 24.5 and 24.9 of the drilling contract, ATP agreed to be responsible for and hold harmless and indemnify ENSCO from and against all claims, demands, and causes of action of every kind and character on account of bodily injury, illness or death of Company's Personnel or ATP's Contractor's Personnel. Section 1.5 further defines Company Personnel in the drilling contract to include the Company's contractors and subcontractors of any tier and their employees.

4. Pursuant to Sections 24.5 and 24.9 of the drilling contract, ATP's contractual indemnification obligation to ENSCO mandates that ATP, as the indemnifying party, release, indemnify, hold harmless, and defend ENSCO (including the payment of attorneys' fees and costs of defending any claims) brought by any employee of an ATP contractor against ENSCO.

5. At the time of Mr. Vannoy's alleged injury, ATP maintained a comprehensive insurance program with numerous insurance carriers (hereinafter "Carriers"), which provided hundreds of millions of dollars in coverage in favor of ATP for, but not limited to, workers' compensation, commercial general liability, and general liability(hereinafter the " ATP Insurance Program").[3]

---

[1] Partial Assignment, Assumption, and Amendment, attached hereto and incorporated herein by reference as Schedule A
[2] Semisubmersible Drilling Contract, attached hereto and incorporated herein by reference as Schedule B.
[3] Comprehensive List of the Carriers, Policies, Policy Numbers, Types of Coverage, and Effective Dates of Coverage is attached and incorporated herein by reference as Schedule C

**EXHIBIT "A"**

6. At the time of the alleged injury to Mr. Vannoy, ATP was also a party to a Master Service Agreement (hereinafter "MSA") with Gordon Reed & Associates entered into on February 23, 2012, whereby Gordon Reed & Associates served as a contractor for ATP on the *ENSCO 5006*.[4]

7. Pursuant to Section 8.1 of the MSA, Gordon Reed & Associates, as the named Contractor, agreed to assume full responsibility, release, defend, indemnify, and hold harmless ATP (as a member of the defined Company Group) from and against all losses related to personal or bodily injury of any member of the Contractor's Group. Furthermore, pursuant to Sections 8.11, 9.1, 9.3, and 9.4 of the MSA, Gordon Reed & Associates agreed to provide sufficient insurance to cover its indemnity obligations to ATP and name ATP as an additional insured in its insurance policies.

8. Mr. Vannoy, as an employee of Gordon Reed & Associates, is a member of the Company Personnel under the Drilling Contract, and thus, ATP is required by contract to defend and indemnify ENSCO against all claims brought by Mr. Vannoy in connection with his alleged injuries on or about July 17, 2012.

9. Mr. Vannoy, as an employee of Gordon Reed & Associates, is also a member of the Contractor's Group covered by the indemnity and insurance provisions of MSA. As such, Gordon Reed & Associates is required to indemnify and defend ATP against any and all liabilities of ATP in connection with the alleged injuries of Robert Vannoy, including ATP's liability for claims brought against ENSCO.

10. On August 17, 2012, ATP Oil and Gas Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The case was later converted to a chapter 7 proceeding on June 24, 2014. The United States Trustee appointed Rodney D. Tow as the chapter 7 Trustee (the "Trustee") of ATP's chapter 7 estate. As a result of the Debtor's bankruptcy case, the automatic stay provisions of 11 U.S.C. § 362 became directly applicable to the claims of ENSCO.

11. On _____, 2016, the Bankruptcy Court entered an order modifying the automatic stay to authorize ENSCO to assert its indemnity claims against ATP and authorizing the Trustee to enter into this Agreement.

**AGREEMENT**

12. ENSCO hereby agrees to release, remise, and forever discharge any and all claims, demands, and causes of action of whatever kind or character that ENSCO may have against ATP arising under the Drilling Contract (Schedule A) and Partial Assignment, Assumption and Amendment (Schedule B) for any damages in connection with the

---

[4] Master Service Agreement, attached hereto and incorporated herein by reference as Schedule D.

[Type text]

alleged injuries of Robert Vannoy and the lawsuit of *Vannoy v. ENSCO Offshore Company, et al.*, No. 16-cv-2232 filed in the United States District Court for the Eastern District of Louisiana.

13. In consideration of ENSCO's aforementioned release of ATP, as discussed in Paragraph 10 of this Agreement, ATP does hereby irrevocably assign, grant, convey, subrogate, and transfer to ENSCO, its successors, and assigns, all of its rights, title, interest, rights of recovery, claims, and every cause of action of whatever kind or character growing out of or in any manner connected directly or indirectly with the alleged injuries of Robert Vannoy and the lawsuit of *Vannoy v. ENSCO Offshore Company, et al.*, No. 16-cv-2232 filed in the United States District Court for the Eastern District of Louisiana, including, but not limited to, any and all claims it has under any policy and against any carrier of the ATP Insurance Program listed in Schedule C of this Agreement. As a result thereof, ATP does hereby irrevocably authorize and empower ENSCO, its successors, and assigns, to commence action on, continue action on, or prosecute and collect said rights or causes of action or claims and to take all legal, equitable, or other measures deemed proper or necessary, including the filing and/or prosecution of suits and/or claims.

14. In consideration of ENSCO's aforementioned release of ATP, as discussed in Paragraph 10 of this Agreement, ATP does hereby irrevocably assign, grant, convey, subrogate, and transfer to ENSCO, its successors, and assigns, all of its rights, title, interest, rights of recovery, claims, and every cause of action of whatever kind or character growing out of or in any manner connected directly or indirectly with the alleged injuries of Robert Vannoy and the lawsuit of *Vannoy v. ENSCO Offshore Company, et al.*, No. 16-cv-2232 filed in the United States District Court for the Eastern District of Louisiana, including, but not limited to, any and all claims it has under the Master Service Agreement (Schedule D) and against Gordon Reed & Associates, Inc. As a result thereof, ATP does hereby irrevocably authorize and empower ENSCO, its successors, and assigns, to commence action on, continue action on, or prosecute and collect said rights or causes of action or claims and to take all legal, equitable, or other measures deemed proper or necessary, including the filing and/or prosecution of suits and/or claims.

15. ENSCO is hereby irrevocably appointed as the agent of ATP for all intents and purposes relating to the aforementioned assigned claims, with the power to collect any and all of the aforementioned claims and to compromise, dismiss, discontinue, or withdraw the same in the name of ATP, in any and all proceedings which may be deemed necessary to enforce such claims, and to execute in the name of ATP any documents which may be necessary to carry into effect the purposes of this agreement and assignment. ENSCO further is hereby given specific irrevocable authority to execute, on behalf of ATP, any of the aforementioned claims.

[Type text]

16. Each party to this Agreement warrants and represents that it has the power and authority to enter into this Agreement and that this Agreement is valid, binding, and enforceable upon it.

17. The terms and conditions of this Agreement, as set forth herein, represent the full and complete understanding of the parties.

18. This Agreement shall be governed and construed under the laws of the State of Louisiana.

19. The parties acknowledge and agree that the Bankruptcy Court shall retain sole jurisdiction over any legal action or proceeding brought against ATP with respect to enforcement of ATP's obligations under this Agreement.

**EXECUTED THIS \_\_\_\_\_ day of November, 2016**

                                             **ENSCO INTERNATIONAL, INC.**

                                             _____

                                             **ATP OIL & GAS CORPORATION**

                                             _____