IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/01/2016

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ATP Oil & Gas Corporation, | § | Case No.: 12-36187 |
| | § | |
| Debtor. | § | Hon. Marvin Isgur |

### ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION UNDER 11 U.S.C. §§ 105(A) AND 363, BANKRUPTCY RULES 6004 AND 9019 AND LOCAL RULE 9013-1 FOR APPROVAL OF SETTLEMENT WITH THE CHAPTER 11 ESTATE PROFESSIONALS

Upon the motion (the "**Motion**") of Rodney D. Tow, the Chapter 7 trustee (the "**Trustee**") of ATP Oil & Gas Corporation ("**ATP**") for entry of an order (this "**Order**") approving a proposed settlement between the Trustee and the Chapter 11 Estate Professionals (the "**Proposed Settlement**"), pursuant to the Release and Settlement Agreement attached to the Motion as Exhibit A (the "**Settlement Agreement**"),[1] the Court finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); (c) venue of this case and the Motion in this Court is proper pursuant to 28 U.S.C. § 1408; (d) the Trustee provided appropriate notice of the Motion and opportunity for a hearing thereon and no further notice is necessary; (e) no objection by any party-in-interest was filed in response to the Motion and so no hearing on the Motion was necessary for purposes of entering this Order; and (f), after consideration of the Motion, the Settlement Agreement, all papers filed in connection therewith, the record made at the hearing held with respect to approval of final fee applications on October 6, 2016 and being otherwise advised in the premises, good and sufficient cause exists for determining that (x) the Motion is in the best interest of ATP's chapter 7 estate, its creditors and other parties-in-interest and (y) the legal and factual bases set forth in the

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Motion establish just cause for granting the relief requested therein; now therefore, it is HEREBY ORDER that:

1. The Motion is granted in its entirety and the Proposed Settlement, on the terms and conditions set forth in the Settlement Agreement, is approved in each and every respect pursuant to Bankruptcy Rule 9019 and Section 105(a) of the Bankruptcy Code.

2. Consistent with (and without limiting the generality of) the foregoing, the Trustee and the Chapter 11 Estate Professionals are hereby authorized and directed to: (a) enter into the Proposed Settlement, which Proposed Settlement is approved in its entirety as if expressly stated herein; and (b) perform, execute and deliver all documents, and take all actions, necessary to fully implement the Settlement Agreement in accordance with the terms, conditions, agreement, and releases set forth therein, without further approval from the Bankruptcy Court.

3. Notwithstanding Bankruptcy Rule 6004(h) (or any similar Bankruptcy Rule), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:

December 01, 2016

_____
Marvin Isgur
United States Bankruptcy Judge

2