UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ATP OIL & GAS CORPORATION, | § | CASE NO. 12-36187 |
| | § | |
| DEBTOR. | § | (Chapter 7) |
| | § | |

## CHAPTER 7 TRUSTEE'S MOTION FOR
## AUTHORITY TO PAY STORAGE COSTS AND SHRED DEBTOR'S FILES

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow ("Trustee"), Chapter 7 Trustee of ATP Oil & Gas Corporation (the "Debtor"), hereby submits this Motion for Authority to Pay Storage Costs and Shred Debtor's Files (the "Motion").  In support of the Motion, the Trustee states as follows:

### JURISDICTION

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The Court has authority to grant the relief requested in this Motion pursuant to §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code").

## BACKGROUND

A. **Bankruptcy and Appointment of the Trustee.**

3. On August 17, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas (the "Court").

4. On June 26, 2014 (the "Conversion Date"), the Court entered an Order converting the Debtor's bankruptcy case to one under chapter 7 of the Bankruptcy Code [ECF No. 3163] (the "Conversion Order").

5. On the Conversion Date, the United States Trustee appointed the Trustee to serve as the duly-qualified chapter 7 trustee for the Debtor's estate (the "Debtor's Estate").

B. **Debtor's Files.**

6. The Trustee continues to store numerous files belonging to the Debtor, including (i) files related to various litigations that Jackson Walker was handling for the Debtor pre-petition that are no longer pending; (ii) invoices, checks, correspondence, ledgers, and similar records used in the prosecution of preference actions that are no longer pending; and (iii) miscellaneous business records. A list of the Debtor's files is attached to this Motion as **Exhibit A**.

7. The Debtor's files have been placed in approximately 950 boxes, which are stored in a facility at a cost of approximately $485 per month. There also may be other litigation records stored at the offices of the Estate's former counsel.

C.  **Plan to Shred Debtor's Files.**

8.  The Debtor's files are no longer necessary for the administration of the Debtor's Estate because the Estate is no longer party to any pending litigation. Accordingly, the Trustee seeks authority to shred the contents of the boxes listed on Exhibit A as well as any other similar files that are later located.

9.  The Trustee estimates that A-1 Shredding can shred the Debtor's files for between $1,300 and $1,500.

D.  **Storage Costs.**

10. Between January and May 2018, the Trustee has (or will have) incurred approximately $2,425 in fees to store the Debtor's files. The Trustee expects to be able to shred the Debtor's files before incurring storage costs for the month of June. Nonetheless, the Trustee seeks authority to pay an additional month of storage costs in the event that the proposed shredding cannot be completed before June.

## RELIEF REQUESTED AND BASIS FOR RELIEF

11. Pursuant to §§ 105 and 363 of the Bankruptcy Code, the Trustee requests authority to (i) shred the Debtor's files, including but not limited to the files listed on Exhibit A; (ii) pay accrued storage costs of $2,425; and (iii) pay for an additional month of storage costs in the event such expense is necessary to complete the shredding of the Debtor's files.

12. Section 363(b) of the Bankruptcy Code provides that a "trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]" 11 U.S.C. § 363(b).

13. For the Trustee to satisfy his "fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the

property outside the ordinary course of business." *In re ASARCO LLC*, 441 B.R. 813, 823 (S.D. Tex. 2010) (citing cases).

14. Further, § 105(a) of the Bankruptcy Code provides that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. The Trustee has ample justification supporting his business decision to shred the Debtor's files and pay for storage costs. The Debtor's pre-petition litigation and post-petition preference actions are no longer pending, eliminating the need to preserve such files. However, storing the Debtor's voluminous files costs approximately $485 per month. Shredding the documents will eliminate the need to incur such expenses going forward.

16. The Trustee's decision to pay accrued storage costs is similarly justified. While the Debtor's files are no longer needed, the Trustee has had to store them pending their disposal. Because the storage expenses were necessary to preserve Estate property, the expenses merit administrative priority and must be paid by the Debtor's Estate in any event.

17. Finally, the Trustee should be authorized to pay for an additional month of storage in the event that such an expense is necessary to complete the shredding of the Debtor's files.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached hereto, authorizing the Trustee to (i) shred the Debtor's files listed on Exhibit A as well as any similar files that are property of the Debtor's Estate; (ii) pay accrued storage costs of $2,425; and (iii) if necessary, pay for an additional month of storage costs to complete the shredding of the Debtor's files.

Dated:  May 11, 2018                                    Respectfully submitted,

DIAMOND McCARTHY LLP

By: */s/ Charles M. Rubio*
Kyung S. Lee
TBA No. 12128400
klee@diamondmccarthy.com
(713) 333-5125  Telephone
(713) 333-5195  Facsimile
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
(713) 333-5127  Telephone
(713) 333-5195  Facsimile
909 Fannin, Suite 3700
Houston, TX 77010

GENERAL COUNSEL FOR
RODNEY D. TOW, CHAPTER 7
TRUSTEE FOR THE ESTATE
OF ATP OIL & GAS CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2018, I caused a true and correct copy of the foregoing Motion to be (i) served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service; and (ii) transmitted to the parties listed on the attached Master Service List by electronic mail pursuant to the Order Establishing Notice Procedures [ECF No. 3189].

*/s/ Charles M. Rubio*
Charles M. Rubio

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 12-36187 |
| | § | |
| ATP OIL & GAS CORPORATION, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR
AUTHORITY TO PAY STORAGE COSTS AND SHRED DEBTOR'S FILES**

On this day came on for consideration the Motion (the "Motion")[1] of Rodney D. Tow (the "Chapter 7 Trustee") for to Pay Storage Costs and Shred Debtor's Files, and it appearing to the Court that notice of the Motion and hearing is adequate and sufficient and the relief requested in the Motion is reasonable and proper; it is **ORDERED THAT**:

1. The Chapter 7 Trustee is authorized to shred the Debtor's files, including but not limited to those appearing on Exhibit A to the Motion.

2. The Chapter 7 Trustee is authorized to pay accrued storage costs in the amount of $2,425.

3. The Chapter 7 Trustee is authorized to pay additional storage expenses in the event such expense is necessary to complete the shredding of the Debtor's files.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED: _____, 2018.

_____
UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms not otherwise defined herein are given the meanings assigned to them in the Motion.