

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/06/2020

| | |
|---|---|
| In re:<br><br>ATP OIL & GAS CORPORATION,<br><br>Debtor. | Case No.: 12-36187 (MI)<br><br>Chapter 7 |

**ORDER APPROVING STOCK SALE AND PURCHASE AGREEMENT AND THE TRUSTEE'S SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 (b), (f), AND (m), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 and 6004 AND <u>GRANTING RELATED RELIEF</u>**

**UPON CONSIDERATION** of the relief requested in the Motion of Rodney D. Tow in his capacity as the Chapter 7 trustee (the "Trustee" or "Seller") duly appointed in the bankruptcy case of ATP Oil & Gas Corporation (the "Debtor")[1], by and through its counsel, pursuant to sections 105(a) and 363 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an Order authorizing and approving of a Stock Sale and Purchase Agreement (the "Agreement") and the transaction contemplated therein, free and clear of all liens, encumbrances, by and between the Trustee as Seller and ATPEAC, LLC (the "Buyer") and granting related relief (the "Sale Motion"); and having considered the Sale Motion and the absence of any objection, and the Court having determined that the legal and factual

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion or the Stock Sale and Purchase Agreement, as applicable.

33960/2
09/04/2020 206955613.1

bases set forth in the Sale Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Sale Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES[2] that:**

  A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. 157(b). Venue of the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

  B. As evidenced by the certificate of service filed with the Court: (i) proper, timely, adequate, and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, (ii) such notice was good, sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Sale Motion, the Sale Hearing or the entry of this Order shall be required.

  C. As demonstrated by the record at the Sale Hearing, the Trustee has conducted the private sale pursuant to Bankruptcy Rule 6004.

  D. The Buyer's bid for the purchase of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor is the highest or otherwise best offer received for the assets to be sold. The purchase price to be paid by Buyer pursuant to the Agreement is fair consideration and constitutes reasonably equivalent value for the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

E. Buyer is a purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, with respect to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor. The Agreement was entered into by the Trustee and the Buyer in good faith, from arms'-length bargaining positions and without collusion and, therefore, the Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor. Neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Agreement to be voided, or for the imposition of costs and damages, under section 363(n) of the Bankruptcy Code.

F. The Trustee has articulated sound business reasons for consummating the Agreement and for selling the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor, and it is a reasonable exercise of the Trustee's business judgment to consummate the Agreement.

G. The Trustee may sell the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor to Buyer free and clear of all Liens and Claims (as defined below) in accordance with, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code, with such Liens and Claims attaching to the proceeds of the sale with the same extent, validity and priority as they existed immediately prior to the consummation of the sale. As a condition of purchasing the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor, the Buyer required that the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor be sold free and clear of all Liens and Claims.

H.  The Debtor's estate is the sole and lawful owner of the Stock of ATP Energy and ATP Holdco, LLC as demonstrated by the Conversion Schedules [ECF No. 3404].  The Debtor's estate may own outstanding and issued stock in other entities including ATP IP-GP, LLC and ATP IP-LP, LLC, but the Trustee makes no representations with respect to these entities, and any transfers of the stock in these entities are only to the extent owned by the Debtor's estate.  The Debtor's estate also owns the Remaining Assets.  The transfer and sale of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor to Buyer is or will be a legal, valid, and effective transfer and sale of ownership and title to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor, and will vest Buyer with all right, title, and interest in and to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor, free and clear of all Liens and Claims pursuant to, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws.

**IT IS HEREBY ORDERED THAT:**

1.  The relief requested in the Sale Motion as to the sale of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor is hereby authorized and approved as set forth in this Order.

2.  No objections to the Sale Motion have been filed.

3.  Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is hereby authorized to sell and transfer the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor to Buyer pursuant to and in accordance with the terms and conditions of the Agreement and the Trustee is authorized to take all other actions as are necessary to effectuate all

of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated under the Agreement without any further authorization or order of the Court.  Title to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor shall pass to and vest in Buyer at Closing pursuant to, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws, free and clear of any and all liens, security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, causes of action, instruments, agreement of purchase and sales, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, causes of action and claims, and in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Debtor's petition date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "<u>Liens and Claims</u>"), with any Liens and Claims to attach only to the proceeds of sale with the same priority, validity, force and effect as they existed with respect to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor before the Closing Date.

4. The sale and transfer of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor to Buyer pursuant to the Agreement constitutes a legal, valid, and effective transfer and shall vest Buyer with all right, title and interest of the Debtor in and to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor.

5. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Agreement to resolve any issue or dispute concerning the interpretation, implementation, or enforcement of this Order and the Agreement, or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue or dispute concerning the transfer of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor free and clear of Liens and Claims.

6. Upon the Trustee's receipt of the consideration set forth in the Agreement at the Closing, each of the creditors of the Debtor is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens and Claims against or in the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor, if any, as such Liens and Claims may have been recorded or may otherwise exist.

7. The sale approved by this Order is not subject to avoidance or the imposition of costs and damages pursuant to Section 363(n) of the Bankruptcy Code. The consideration set forth in the Agreement and reflected in this Order to be provided by Buyer in exchange for the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor shall be deemed to constitute reasonably equivalent value and fair consideration.

8. The failure to specifically include any particular provision of the Agreement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court

that the Agreement and each and every provision, term, and condition thereof be authorized and approved in their entirety.

9.     If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens and Claims against or in the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor shall not have delivered to the Trustee before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims that the person or entity has with respect to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor or otherwise, the Trustee or Buyer is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor.

10.    The provisions of this Order shall be self-executing, and neither the Trustee, Debtor, Buyer, nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Agreement. Without in any way limiting the foregoing, Buyer is empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to the sale contemplated by the Agreement.

11.    Buyer shall be entitled to the protection of Section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal. The purchase

by Buyer of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor is a purchase in good faith for fair value within the meaning of section 363(m). Accordingly, the reversal, modification or appeal of the authorization provided herein to consummate the Agreement and sale of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor shall not affect the validity of the sale to Buyer, unless such authorization is duly stayed pending such appeal before the Closing.

12. The terms of this Order shall be binding on the Trustee and his successors, the Debtor, creditors of the Debtor, and all other parties in interest in this Bankruptcy Case, and any successors of the Debtor.

13. Except as expressly provided in the Agreement or this Order, Buyer is not assuming nor shall Buyer or any affiliate of Buyer be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtor or the Trustee in any way whatsoever relating to or arising from the Debtor's ownership of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor prior to the consummation of the transactions contemplated by the Agreement, or any liabilities calculable by reference to the Debtor and its ownership of the Stock of ATP Energy and the Subsidiary Corporations and the Remaining Assets of the Debtor, existing on or prior to consummation of the transactions contemplated by the Agreement, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against Buyer or any affiliate of Buyer.

14. This Order approving of the Agreement is a final order.

15. The Court, in its discretion, hereby deems Bankruptcy Rules 6004(h) and 7062 inapplicable, such that this Order shall be effective and enforceable immediately upon its entry,

and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

Signed: October 06, 2020

_____
Marvin Isgur
United States Bankruptcy Judge